Miguel Angel MENDOZA–CALVILLO;
et al.,* Petitioner,

v.

Alberto GONZALES, Attorney
General, Respondent.

No. 04–75533.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.**

Filed Aug. 1, 2006.

Maria Guadalupe De La Cruz–Arroyo,
Palmdale, CA, pro se.

Miguel Angel Mendoza–Calvillo, Palm-
dale, CA, pro se.

CAC–District Counsel, Esq., Office of
the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. LeFevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Keith I. Bernstein, Michelle G. Latour,
U.S. Department of Justice, Civil Division,
Office of Immigration Litigation, Washing-
ton, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and
THOMAS, Circuit Judges.

MEMORANDUM ***

Miguel Angel Mendoza–Calvillo and Ma-
ria Guadalupe De La Cruz–Arroyo, natives
and citizens of Mexico, petition for review
of the Board of Immigration Appeals'
("BIA") order dismissing their appeal from
an immigration judge's order denying their
applications for cancellation of removal.
Our jurisdiction is governed by 8 U.S.C.
§ 1252. We review questions of law de
novo. *Tapia v. Gonzales*, 430 F.3d 997,
999 (9th Cir.2005). We grant in part and
deny in part in part the petition for review.

An intervening change in the law re-
quires us to remand the petition with re-
spect to Mendoza–Calvillo. The BIA con-
cluded that Mendoza–Calvillo could not
establish good moral character for pur-
poses of his cancellation of removal appli-
cation because he testified that he paid a
smuggler to assist his wife to enter the
United States without inspection. *See* 8
U.S.C. §§ 1101(f)(3), 1182(a)(6)(E)(i) (alien
smuggler may not establish good moral
character). The agency, however, did not
have the benefit of this court's recent de-
cision in *Moran v. Ashcroft*, 395 F.3d
1089, 1093–94 (9th Cir.2005) (cancellation
of removal application not barred by alien
smuggling provision where applicant as-
sisted spouse, parent or son or daughter
to enter the United States). Because
Mendoza–Calvillo assisted his wife to en-
ter the United States unlawfully, he re-
mains eligible for cancellation of removal.

The BIA correctly determined that De
La Cruz–Arroyo's prior order of expedited
removal ended her accrual of continuous
physical presence. *See Vasquez–Lopez v.*

courts of this circuit except as provided by
9th Cir. R. 36–3.

* The clerk is directed to correct the docket to
reflect the correct spelling of petitioner's
name.

** The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by 9th Cir. R. 36–3.

**680**

*Ashcroft,* 343 F.3d 961 (9th Cir.2003) (administrative order of removal interrupts period of continuous physical presence); *Tapia,* 430 F.3d at 1002–04 (distinguishing an expedited removal order from a departure not made under threat of deportation).

Petitioners' remaining contentions lack merit.

**PETITION FOR REVIEW GRANTED as to Miguel Angel Mendoza–Calvillo; REMANDED.**

**PETITION FOR REVIEW DENIED as to Maria Guadalupe De La Cruz–Arroyo.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.